UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSEPH J. DAVIS                      )
      Plaintiff,               )
                          ) CAUSE NO: 2:23-cv-498
vs                              )
                          )
CALVIN DOAN, SHAWN KEEN and    )
TERRE HAUTE POLICE DEPARTMENT.   )
      Daviss.                  )

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Plaintiff, Joseph J. Davis, by counsel, hereby brings this action against the Daviss, Calvin Doan, Shawn Keen, and the Terre Haute (Indiana) Police Department, pursuant to 42 U.S.C. § 1983 ("Section 1983") and Indiana common law.  Plaintiff alleges that Daviss have violated his rights as protected by the Fourth and Fourteenth Amendments to the United States Constitution and that Daviss have committed tortious acts against him.

### I. PARTIES, JURISDICTION, AND VENUE

1.    Davis Joseph J. Davis ("Davis") is an individual and has resided within the Southern District of Indiana, Terre Haute Decision, at all relevant times.

2.    Davis Doan ("Doan") and Davis Keen ("Keen") are individuals and have, upon information and belief, resided and worked as law enforcement officers within the Southern District of Indiana, Terre Haute Division, at all relevant times.

3.    Davis Terre Haute Police Department ("THPD") is a law enforcement agency charged with the prevention, detection, and investigation of criminal law within the City of Terre Haute, I, Indiana.

4.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. 28 § 1341, 28 U.S.C. § 1367, 42 U.S.C. § 1983, AND 42 U.S.C. § 1988.

5.      All of the events, transactions and occurrences giving rise to this lawsuit occurred within the geographical environs of the Southern District of Indiana, Terre Haute Division, and all parties are located therein.

## II.  FACTUAL ALLEGATIONS

6.      On or about October 24, 2021, Davis was walking on N. 24th Street in Terre Haute, starting at 8th Avenue and walking North. He was going to pick up his automobile, which had been repaired earlier that day.

7.      Davis walked three blocks along N. 24th Street, and he had walked these blocks before. There is very little sidewalk on which to walk, and many of the houses have aggressive guard dogs. As a result, Davis walked on the western side of 24th Street, mindful not to impair or interfere with traffic. It was rainy and dark at this time.

8.   When Davis was within approximately 40 feet of his car, he began to cross the street towards his car.  At that time, a Terre Haute police car, driven by Officer Doan, passed Davis.

9.   Doan at first passed Davis.  Then, approximately 20 feet after Doan passed Davis, Doan stopped the police car and reversed.  Doan lowered the window and started talking with Davis.

10.     Doan said to Davis that Davis needed to walk on the sidewalk.  Davis acknowledged Doan, but Doan left his car and began to harass Davis.  Doan asked Davis for Davis's identification.  Davis informed Doan that his identification was in the car.  Doan began to interrogate Davis.

11.     Doan increased his aggressive behavior towards Davis.  Doan raised his voice, flashed his flashlight in Davis's face, and placed his hand on his gun.  Davis feared that Doan would use his police power to hurt Davis.

12.    Davis repeatedly informed Doan that his identification was in his car, but Doan would not allow Davis to retrieve the identification.  Davis's car was approximately 40 feet away.

13.    Doan then unlawfully and unconstitutionally arrested Davis.

14.    Davis was taken to the Terre Police Department and booked for misdemeanor failure to provide identification and failure to walk upon the sidewalk.

15.     By arresting Davis under these circumstances, Doan violated Davis's rights against false arrest under the Fourth Amendment of the United States Constitution.

**V. STATEMENT OF CLAIMS**
**A. 42 USC § 1983 Claim – Unlawful Arrest and Detention**
**Under the Fourth and Fourteenth**

16.    Davis incorporates herein by reference paragraphs 1 through 15 above.

17.    As described above, Doan falsely arrested Davis. Doan had no probable cause, particular reason, or any reasonable basis to detain Davis.

18.    Doan's false arrest of Davis violated Davis's rights under the Fourth Amendment of the U.S. Constitution.

19.    Doan's unconstitutional false arrest of Davis proximately caused significant mental and emotional harm to Davis.

20.    Doan knew or should have known and disregarded the substantial risk of harm to Davis stemming from his acts of intimidation and his false arrest of Davis.

21.    Keen, as Chief of Police, knew or should have known the circumstances leading to Doan's unlawful arrest of Davis, as well as Doan's continued prosecution of Davis.

22.    Daviss Keen and THPD, by failing to adequately train Doan, or properly educate him to detention and arrest procedures, violated Davis's rights under the Fourteenth Amendment to the United States Constitution.

**B. False Arrest Claim Under Indiana Law**

24.  Davis incorporates herein by reference paragraphs 1 through 22 above.

25.  As described above, Doan arrested Davis, by expressly telling Davis he was not free to leave, by refusing to allow Davis the opportunity to get his license, through his orders detaining Davis, and through Doan's hostile and threatening behaviors toward Davis.

26. That Doan is a law enforcement officer.

27. That Doan, acting under color of state law, unlawfully detained and arrested Davis and restrained Davis's liberty and freedom of movement without Davis's consent and certainly without probable cause, particular reason, or any reasonable basis to detain Davis.

28. Doan's unlawful and unconstitutional false arrest of Davis proximately caused significant mental and emotional harm to Davis.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff J respectfully requests that the Court enter judgment in his favor against Calvin Doan, Shawn Keen, and the Terre Haute Police Department, award to Davis all available compensatory, punitive and statutory damages, liquidated damages, all available equitable relief, all available consequential damages, his reasonable attorney's fees, costs, and expenses, together with pre-judgment interest, and any and all other relief which would be just and proper in the premises.

Respectfully submitted,

/s/ William R. Morris, Jr.
William R. Morris, Jr., Bar No. 31433-53
405 W. 6th Street, Suite I
Bloomington, IN   47404
(812) 822-1232
Wimorris.attorney@gmail.com

**PLAINTIFF REQUESTS A JURY TRIAL**